Please all rise. Here you hear you hear you. This Honorable Electoral Second Judicial District Good afternoon, everyone. You could be seated, ladies. This case was not team three. First, three. Caution. This candidate. Good afternoon, your Honor's. Good afternoon. I do not intend to address the latter issues in my brief, such as the language, unless your Honors have specific questions. My focus of the argument is going to be on the notice and harmless error argument, which will also include the motion to reconsider and the forfeiture aspects. My question for the court is, would you like me to briefly address the mootness issue? Or do you have any questions on that? Or should we just launch into the notice? Yeah, just say it. What I'd like to do first is read you an excerpt from Kevin S. And then I'd like to compare that to the Martin case, because I think that pretty much frames what I think is an important distinction in this case. This is from Kevin S. at 264. While involuntary admission procedures implicate substantial liberty interests, these interests must be balanced against the dual objectives of involuntary admissions to provide care for those who are unable to care for themselves and to protect society from the dangerously mentally ill. Society's interest in providing treatment to the mentally ill by protecting its citizens from harmful conduct is not jeopardized when the record in an involuntary admission hearing establishes that the purpose of the statutory requirements were met and the respondent did not object to claimed errors in the proceedings. While strict compliance with statutory procedures and involuntary commitment proceedings is required, a reversal is not required unless the respondent is in some way prejudiced by the failure to comply with those statutory requirements. In that case, the court found that this purpose was not frustrated by the minor delay that the respondent alleges occurred here. Respondent was not neglected by the system. He received a full hearing on the issue. Moreover, had the respondent objected to the timeliness of the petition for continuing admission, the petition could have been withdrawn and substituted with a petition for initial commitment. Isn't it here, though, that there was an objection throughout the proceedings? I think on five separate occasions? Part of the argument is that no one made the particular objection that the court ruled on until the motion to reconsider. With specificity as to section. Right. But clearly, there was mention of notice to the consulate quite early in the proceedings, right? Right. And in that case, all the parties were arguing that there was no provision in the Menlo Health Code that required the notice or service of the petition, or that under the Vienna Convention of Treaties, this was not a remedy for any sort of notice problem. The statute doesn't require, I don't disagree with you, that the statute doesn't require one to notify the consulate. But the statute says that the respondent shall be asked if he or she desires such documents sent to any other persons, and at least two persons designated by the respondent shall receive such documents. So in this particular case, it just so happened that the second person she was requesting was the consulate. Regardless of the statute allowing for a consulate or not, how about a second individual? The problem here is that this was never argued to the trial court. Everything before trial, when any problems with the notice could or would have been cured, were based on the objections for the Vienna Convention on Treaty. And if I can quote what I wanted to from Martin's, that'll make my distinction of where I think the difference for harmless error is in this case. In the Martin's case at 328, the court distinguishes the state's reliance on split and now. And they say that in their case, there was a complete lack of notice instead of a mere defect in the notice. And I think that is where the harmless error element comes in. Here we have a defect in the notice, not a total lack of notice. So how do you have a defect in that she didn't get a second individual notified? Under the statute for the involuntary admission, which is 3-609, it says that she can request that another designated party be notified. And what happened is that finally in the trial court, notice of the hearing and the proceeding was faxed to the council office. According to what I can read from the record, a copy of the petition was not included in that. You agree that that was required to have been included. I think that we have to make that reference or that inference because I can't remember now if it was the number of fax pages sent or the attorney's argument that they weren't required to send a copy of the petition. But I think it's a reasonable inference that the petition was not sent and that it was required under the statute. So that would be defective service. So it's not a no notice. It was just bad notice. Correct. And for involuntary medication, that is under 5-2-102. And that requires a written request by the respondent. So respondent did not make any sort of written request. Arguably, defense counsel's motion to dismiss could be interpreted as a written request. Either way, again, we have defective rather than any lack of notice. Although I'm not willing to concede that there was, in fact, effective notice by the respondent under that. But I do acknowledge that my opposing counsel would probably make that argument. So again, we have defective rather than lack of notice. And so there was notification to the counsel of the date of the hearing. And there was no action taken by the counsel, correct? The counsel actually sent a acknowledgment that they received the notice. There is testimony by the person at El Gimeno Health Center who had sent that notice. And he said that he had followed it up. And there's a faxed copy of acknowledgment from the counsel that they had received the notice. So they did, in fact, have knowledge of the proceeding. And they could have appeared. But we're not giving them. How do we know that they even knew what this hearing was for? It says on the nature of the petition. Right. It says hearing not involuntary. What does that mean? If you're from Bulgaria, how do you know what that means? I think it's a, I mean, we're saying this was just a little defect. Well, we forgot to send them the petition, which tells them why it's important they should be there, and that this woman has been committed for a year. And given the purpose of a consulate, doesn't that, is a little more than just a little defect in the notice? I think they're aware of the hearing. If they have a desire for more information, certainly they can contact and request more information. Why should they have to do that? The statute says, send them the information. The statute doesn't say, it's OK, here's the hearing. If you want to know what it's about, you can call. I mean, how do we justify that under the statute? Well, part of the problem is, and this goes to the whole forfeiture notice and defective versus lack, no one cited the statute which says, you have to file a copy of the petition with the notice. So the Elgin Mental Health Center sent notice of the time and date of the hearing. They argued, I believe, that, and this was not controverted in the trial court, that they're not required to send a copy of, well, they maintained that they weren't required to send a copy of a petition. And no one cited 3-609, which had the petition language. So again, because the proper arguments weren't made in the trial court, there's a problem with compliance with the statute that wasn't cited. But the Mertens case, when they're talking about the defect, they mention that in the Mertens case, it was a lack of notice to the guardian. And they said it wasn't harmless in that case because some of the factors relied upon the trial court to find the person subject to involuntary admission related to the guardian's statutory duties. Here, the counsel does not have the close personal statutory duty to the respondent that their personally appointed guardian would. So that's a significant distinction. And then, so I think Mertens is a very clear case. There's not the prejudice in this case that there was in the Mertens case. I've never seen a counsel appear in a mental health hearing. Certainly, in this case, the respondent was represented by the guardian. How many times have they been notified? How many times have they been notified? If you make the blanket statement, they've never appeared, can you say how many times they've been notified? I don't know how many times they've been requested to be notified either. And in fact, to segue a little bit into the mootness argument, perhaps some guidance is needed on that. But to go back, the respondent was, in fact, represented by a counsel at the attorney who argued very vigorously on her behalf. This is the entire time, correct? Correct. She did then come in on the motion to reconsider and actually won that and got the reversal of the conviction. So obviously, it's not a matter that her case was neglected, as the court pointed out in Kevin S. She received a full hearing on the merits of the petition. Where's the prejudice? I don't see any. Let me ask you this. Where's the abuse of discretion? Um, OK. In the motion to reconsider, in the Perkey case, which I cite in my brief, it says the motion to reconsider is meant to bring to the trial court's attention newly discovered evidence not previously available, changes in the law, or errors in the trial court application of the existing law. And the court says that the trial court ruling striking evidence conforms with that principle. The trial court is not to permit litigants to stand mute, lose a motion, and then frantically gather evidence to show the court erred in its ruling. There's been a longstanding policy against piecemeal litigation. And that is effectively what happened here. The arguments were not presented to the trial judge pre-trial so that he could have, he ruled correctly on the law that was provided to him. And then it is not until the motion to reconsider when it's too late for any curing of the defects that he finds that there was a problem with the notice. So again, it's piecemeal litigation, which should not be encouraged in this case with a motion to reconsider. When the trial judge is not reconsidering what he ruled on, he has additional new arguments that were never presented in the trial court and couldn't have been fixed, or could have been fixed, had they been made at that time. What are you asking us to do here today? Um, basically, I would like you to reverse the trial court's rulings on the motion to reconsider and affirm the original trial court's granting of the petitions. Yes. Do our honors have any more questions, or? Oh, yeah. And then what? You're asking us to affirm the petitions. And then case closed. Case done. Yes. You cannot go back on these petitions. You know, they were 90 days, or whatever it was. So we can't go back and have a retro hearing with proper notice to the council on this petition. Um, there could be future petitions, you know, filed against either this respondent or other respondents by the people that could raise the same issues. So some guidance would be nice on it. But in this case, you can't give effective relief to this particular person. The petitions are done and over with. So is that? Case closed. Any other issues? Nothing further. Thank you very much. We'll hear from you again in a while. Yes. Spahn? Yes. You may approach. Just as a preliminary matter, I would like to point out that my colleague Anne Krasuski is also sitting at the council table. She and I were asked to fill in for our colleague Terry Berge, who was originally involved with this appeal and could not come today. So although I am the voice speaking today, Ms. Krasuski has been half the preparation in getting ready for this oral argument. And I also want to thank Diane Campbell, who was very helpful in getting us some materials that we were lacking in preparation today. So it's a joint effort here today. It's a very joint effort. OK, welcome, ladies. Thank you. You may proceed. At the first hearing where we had a transcript in this case, July 25th, the trial court judge said to the parties, well, I can't order anybody to notify or not notify. If the state has that information, I don't know why they wouldn't just do it to eliminate this issue. But if they don't do it, and you, speaking to the public defender, want to bring a motion, that's a motion you can bring. So this was the judge at the July 25th hearing. And this was when both the commitment and the medication cases were called. Let me slow you down real quickly. Is it your contention, then, that the error here was that the consulate wasn't notified or that her second individual was not notified? What's your position? That the consulate was not notified under 3609. Do you think under 3609 it requires the state to notify the consulate any time you have a foreign individual before you? I think where the person, where the recipient, the respondent, is asking for that to happen, then yes, I think the state has the burden to do that. And I think that's so that it's not that you're saying, it's if the 3609 says, if the respondent asks that the documents be sent to any other person, at least two people designated by the respondent shall receive notes. It doesn't say, if the respondent asks that the consulate be notified. Correct? I mean, we're not going to set precedent here that consulates must be notified. That's right. Is that correct? That's right, Your Honor. So you're asking us to set precedent that the second person that she requested was not notified. Exactly. And I'm not even saying that you have to set precedent here. We argued that this case was moot and that a mootness exception does not apply. And I'd be happy to address that briefly if you'd like me to. Well, isn't this something that might likely occur in the future? Well, if the state doesn't give notice the way they're supposed to, then yes, this is a matter that's in the state's control. This is a matter that's totally within the state's control. And I would say that the capable of repetition exception is not going to apply here because we have the two elements there. We have the short duration, and we have likely to recur to the same complaining party. The short duration, well, the state can always file again. And that's pursuant to the Andrew B case. So that short duration doesn't prohibit a petition that the state can file anew. We have the same complaining party. Well, the state is the appellant here. The state is the complaining party. It's not Miroslava P in this appeal. We have to look at the complaining party here. It's the state. The state has the burden here to give the notice. So if this issue is likely to recur, it's within the state's power for it not to happen. So this is about the state's failure to give notice. If we look at the public interest exception, if we look at the public interest exception to mootness, in our brief we said, well, yes, this is a statutory issue. So granted, it is an issue of a public nature. But let's look at the other two elements of the public interest exception to mootness. Is there a need for guidance? Well, we already have the Martins case that says notice under 3609 is required, and it's the state's burden to make sure that that's done and that the record shows that notice is given. We also have the Leslie H case that says notice must be given. Those two cases do not address the 3609 notice to two other people requested by the respondent, but it's notice overall. And then the third element of the public interest exception to mootness is the, can this issue recur for anyone? And again, this is an issue, this is a matter that's within the state's control. So if it's an issue that can recur to anyone, that's something that the state can control by giving notice, pursuant to the plain language of the statute and pursuant to the case law that already exists saying, do it, give notice, give notice to guardians, give notice to criminal defense attorneys, give notice per the plain language of the statute. So first of all, we had argued that this case does not fit a mootness exception. But if this court does feel that a mootness exception applies and does wish to provide some guidance, we would ask the court to say that in this particular case, there was no abuse of discretion here in what the trial court did. From the very beginning, the trial court was looking for a mental health program or some provision to say, is notice required here? And the issue never changed. The issue was about notice to the consulate that was requested by the respondent. It was simply the authority that changed, and it was never forfeited. It was raised at trial. It was raised on July 7th, on July 18th, on July 25th, on August 1st. The issue, this is not a matter of somebody who did not raise the issue and then raised it for the first time on appeal. This is somebody who was raising it at every point along the way. Well, wasn't the consulate notified eventually? They were notified, correct? The consulate was notified on August 1st with the faxed notice of hearing, but without any of the petitions. Did they show up? Did they reach out to anybody? Did they find out, hey, what's going on in this case? Anything? Well, not that the record shows us, but as I think Justice Jorgensen mentioned earlier, the consulate did not receive any substantive information about what these hearings were about. They received very cursory information. They did not get any information about the basis for the petitions. They did not get information about who the family members were named on the petition. They did not know who the petitioners were. They did not know... I don't know, because they did not get the information they were provided. However, we do know... Well, it's total speculation to even theorize or hypothecate about what the consulate would have done, isn't it? Doesn't that require us to engage in quite a bit of speculation? Well, let me say this. Miroslava P. is the appellee here, and she has to say to you, how did the trial court abuse its discretion in granting her motion to reconsider? The trial court found that the notice was inadequate and... Granted the notice was inadequate. What is the prejudice to Miroslava P.? I can't even begin to tell you what that prejudice is because I don't know what... I do not know what the consulate may have done if it had complete notice. Isn't that the whole point, though? We're kind of just chasing the tail of the dog here. Isn't that the whole point, that we don't know? We don't know what all the consulate may have done if it had complete information. What we do know about Miroslava, though, is that part of her stress... She was 40 years old at the time of this hearing. Part of the stress that's included in the appellate record is that she was worried about her daughter, back in Bulgaria, her young daughter. She was worried about her papers that allowed her to be in the United States. She had a lawyer, right? She had a lawyer in mental health court. She didn't have an immigration lawyer. She had a lawyer. Could the consulate have done anything more than what her lawyer did? I don't know the answer to that. I know that there was at least a request for an independent examiner. I know that the state of Illinois doesn't have money for that. Could her consulate have gotten funds to pay for an independent examiner for her? That's a possibility. The independent exam motion didn't go anywhere. And maybe part of that was because the state of Illinois doesn't have funding for it. I think there are many things that the consulate may have been able to do. I don't know, and you're right, it is speculation at this point. But was the trial court's decision arbitrary, fanciful, or a decision that no reasonable person would have made under the circumstances? Based on the plain language of 3609, I would argue that it was not, and that the decision was reasonable. Well, the plain language of 3609 doesn't provide for this remedy, correct? The plain language of 3609, I have 3609 on my table here, if you could just let me get it real quick. Sure. May I stop for a drink of water, too, please? Yes. 3609 talks about two individuals. It doesn't talk about, again, the consulate. Right, 3609 does not say consulate anywhere. It also doesn't provide a remedy for a violation of it, correct? It does not. Did you find any case law that provides a remedy for a failure to notify two such persons? Well, the case law that interprets 3609 would be Martin's and Leslie H. And in those cases, the commitments were reversed for failure to give the required notice under 3609. So Martin's was the failure to give notice to the guardian. Leslie H. is the failure to give notice to the respondent's criminal defense counsel. And those are cited in the appellee's brief. Okay. Any other questions? No. No, thank you. Thanks for pinch-hitting. Yes. Thank you. Scamble. And I think it's worth noting, thank you for helping counsel. That was certainly the professional thing to do. Our office and GAC has always had a very cordial relationship on both sides. So we're happy to... It's been cooperative on both sides. So we thank them also for their... And again, for pinch-hitting and coming up on short notice. I'll address first Justice Spence's argument about the lack of prejudice. I totally agree with that. Any possible thoughts about what the counsel might do is entirely speculative. There is no remedy in the statute 3-609. And a distinction here is that the counsel has no specific statutory duty to the respondent. And that is in contrast to the guardian or to a criminal defense attorney, which she cited for the two other cases. But those two cases do not address the necessity to notify two people, correct? There are no cases, or did you find any cases, that require notification of two? Or what happens if you only notify one and not the other? I don't exactly see the focus of that problem in this case. In this case, they had one person notified, but she also wanted, in addition, the consulate notified. So she wanted two people notified. Martins and Leslie H. are failure to notify the guardian, failure to notify the lawyer, I think. Those weren't two people. Those weren't failure to notify a second person, correct? I can't remember Leslie in specific. I think the issue here is not really whether it's one or two people that she requested, but that when she requested notice to the consul, it was never cited under 3-609. It was cited under the Vienna Convention of Treaties. So I see that more of a distinction than a one versus two, or if they give it to one and not the other. The problem here is that in the pretrial proceedings, it was when any defect could have been cured that the correct statute was not cited, giving the court and the parties notice that they were supposed to. How do we justify in the bigger picture that the State is clearly aware that this is what she's asking for and basically turned to her attorney and say, if she wants the consulate notified, you can do it? I mean, doesn't that make it somewhat disingenuous? With all due respect to you, I don't mean to be pointing the finger at you, but the State's saying, well, we could have cured it then. And they did attempt to do that. They sent the fax notice to the consul, and then the person followed it up to make sure they got it, got back the written acknowledgment saying that they had gotten notice. Would you say it's the same thing if I told you you have an oral argument next Thursday but I don't tell you about which case? Would you think there's any prejudice to the State in that circumstance? It would be somewhat facetious. It's difficult, and that's my point. You send a date and time without any indication of what it's for. In going on this hypothetical, I would have called you up and asked you what the case was. But in this case, they have the opportunity. Who's the they? The consul. And I think, in fact, it also goes to the prejudice argument, which there's no showing that's entirely speculative. Let me ask you this, though. We've been around the block, and I get your position is there's no prejudice. How do we find that the trial court finding that there was is fanciful? Because remember the standard here is did the trial court abuse its discretion in finding that repeatedly I heard about the consulate, repeatedly the State knew about it, and you didn't send a proper notice. I find it's prejudicial and reverse it. How do we sit in judgment of that and find that it's fanciful? That's where the case law about the motion to reconsider just being a reconsideration of the trial courts. Any sort of waiver or forfeiture argument is a bar on the parties. It's not on the court. So, you know, my argument is consistently that defendant waived or, sorry, forfeited that argument when they didn't make it below and that it's clearly unfortunate. I'm a little bit torn on the mootness argument because clearly this is a bad set of facts. Hopefully all parties, you know, are now aware of what's going on. And as opposing counsel pointed out, you know, if something happens, they would do it correctly in the future. But in this case, I think the court does have some opportunity to voice its opinion on the harmless error and my distinction between absence of notice and deficient notice. And that is perhaps, you know, you could also provide some guidance by pointing out 3-609 because apparently the parties below, you know, were not citing to the appropriate statute. And as Justice Shostak is kind of pointing out, there's not much case law on other designated parties. And, you know, what I can't remember who asked what the remedy is here. But, you know, there's no statutory remedy. So obviously the remedy would come from case law. Do you have any further questions? Any further questions? Nothing further. Thank you very much for your time. Ladies, thank you so much for coming in today. We will take this case under consideration rather than decision in due course. Court is adjourned for today. Thank you very much. Thank you.